SLOVITER, Circuit Judge,
dissenting.
The majority opinion acknowledges that the Supreme Court has stated the “fundamental principle that arbitration is a matter of contract,” Rent-A-Center, West, Inc. v. Jackson, — U.S.-, 130 S.Ct. 2772, 2776, 177 L.Ed.2d 403 (2010). Indeed it has so stated more than once. I dissent because the majority has given mere lip service to this “fundamental principle,” and its holding as applied in this particular case violates that principle. There is no ambiguity in the arbitration agreement.
The plain text of the arbitration agreement clearly states that the selection by Dell of the NAF as arbitrator was integral to the agreement, and leads me to conclude that Section 5 of the FAA is inapplicable and the unavailability of the NAF precludes arbitration.
The arbitration clause in Dell’s Terms and Conditions of Sale states:
13. Binding Arbitration. ANY CLAIM, DISPUTE, OR CONTROVERSY (WHETHER IN CONTRACT, TORT, OR OTHERWISE, WHETHER PREEXISTING, PRESENT OR FUTURE, AND INCLUDING STATUTORY, COMMON LAW, INTENTIONAL TORT AND EQUITABLE CLAIMS) BETWEEN CUSTOMER AND DELL, its agents, employees, principals, successors, assigns, affiliates, (collectively for purposes of this paragraph, “Dell”) arising from or relating to this Agreement, its interpretation, or the breach, termination or validity thereof, the relationships which resulted from this Agreement (including, to the full extent permitted by applicable law, relationship with third parties who are not signatories to this Agreement), Dell’s advertising, or any related purchase SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE NATIONAL ARBITRATION FORUM (NAF) under its Code of Procedure then in effect (available via the Internet at http://www.arbforum.com, or via telephone at 1-800-474-2371). The arbitration shall be limited solely to the dispute or controversy between customer and Dell. NEITHER CUSTOMER NOR DELL SHALL CONSOLIDATE CLAIMS BY OR AGAINST OTHER CUSTOMERS, OR ARBITRATE ANY CLAIM AS A REPRESENTATIVE OR CLASS ACTION OR IN A PRIVATE ATTORNEY GENERAL CAPACITY. This transaction involves interstate commerce, and this provision shall be governed by the Federal Arbitration Act, 9 U.S.C. sec. 1-16(FAA). Any award of the arbitrator shall be final and binding on both of the parties.... Information may be obtained and claims may be *358 filed with the NAF at P.O. Box 50191, Minneapolis, MN 55404.
App. at A67.
The majority reasons that this language is “ambiguous” because “ ‘EXCLUSIVELY’ could be read to modify ‘BINDING ARBITRATION,’ ‘THE NATIONAL ARBITRATION FORUM,’ or both,” see Majority Opinion supra page 355, and that the “liberal federal policy in favor of arbitration” thus compels the court to resolve this “ambiguity” in favor of arbitration. See Majority Opinion supra page 356. However, “the FAA’s proarbitration policy does not operate without regard to the wishes of the contracting parties.” Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 57, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). The majority’s conclusion focuses solely on the language used rather than giving appropriate weight to the additional clues that demonstrate the parties’ clear intent.
The phrase “EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTRATED BY THE NATIONAL ARBITRATION FORUM” is written in all capital letters yet surrounded by clauses written in lower case letters. This aesthetic prominence indicates the parties’ intent for the entire phrase to be read together and emphasized as an essential part of the agreement. Moreover, as noted by the District Court, “[t]he NAF is expressly named, the NAF’s rules are to apply, ... no provision is made for an alternate arbitrator [, and the] language used is mandatory, not permissive.” App. at A12. The agreement also states that “[information may be obtained and claims may be filed with the NAF at P.O. Box 50191, Minneapolis, MN 55404,” again illustrating the central role that NAF was intended to play in arbitrations pursuant to this agreement.
Given “the consensual nature of private dispute resolution,” courts must respect the principle that “parties are generally free to structure their arbitration agreements as they see fit.” Stolt-Nielsen S.A. v. AnimalFeeds Int’l Corp., — U.S.-, 130 S.Ct. 1758, 1774, 176 L.Ed.2d 605 (2010) (internal quotation marks and citation omitted). Here, the parties agreed only to binding arbitration administered by the NAF. Full analysis of the plain text of the agreement as a whole shows that the selection of the NAF as arbitrator was an integral part of the agreement to arbitrate. Therefore, Section 5 of the FAA is inapplicable and the unavailability of the NAF precludes arbitration. I respectfully dissent.
There is yet another reason why Dell’s request to proceed via arbitration rather than trial should not be granted, and that reason applies to this defendant in this case. The majority avoids any discussion of the underlying reason why arbitration by NAF is unavailable. In an action pending in Minnesota, the Minnesota Attorney General made public the results of its year-long investigation that showed that NAF, far from being the neutral arbitration forum contemplated by Congress when it enacted the Federal Arbitration Act, represented to corporations that it would appoint anti-consumer arbitrators and discontinue referrals to arbitrators who decided cases in favor of consumers. See Amicus Curiae Br. at 8, 13-15; see also Arbitration or ‘Arbitrary”: The Misuse of Mandatory Arbitration to Collect Consumer Debts: Hearing Before the H. Domestic Policy Subcomm. of Comm. on Oversight and Gov’t Reform, 111th Cong. (July 22, 2009).
Rather than disputing the allegations, NAF accepted a consent judgment that barred it from administering and participating in all consumer arbitrations. See *359 id. (testimony of Lori Swanson, Minnesota Attorney General, at 3) (“Under the Consent Judgment, [NAF] is barred from the business of arbitrating credit card and other consumer disputes and must stop accepting any new consumer arbitrations or in any manner participate [sic] in the processing or administering of new consumer arbitrations.”); see also App. at A273-76. It cannot be insignificant that Dell named NAF as the exclusive forum in its arbitration clauses. It followed that the District Court refused Dell’s request to designate a substitute arbitrator. It was certainly not error for the District Court in this case to deny substitution at the behest of Dell. Even assuming that in the usual case, substitution of a neutral arbitrator would be an acceptable alternative, it is evident that this is not an ordinary case and we should affirm the District Court’s denial of Dell’s motion.